1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

11   AMBER C.,[1]

12                    Plaintiff,

13        v.

14

15   ANDREW M. SAUL,[2]
     Commissioner of Social Security,

16

17                    Defendant.

18

Case No. 2:19-cv-03208-MAA

**MEMORANDUM DECISION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER**

19        On April 23, 2019, Plaintiff filed a Complaint seeking review of the Social

20   Security Commissioner's final decision denying her application for Supplemental

21   Security Income pursuant to Title XVI of the Social Security Act.  This matter is

22   fully briefed and ready for decision.  For the reasons discussed below, the

23   Commissioner's final decision is affirmed, and this action is dismissed with

24   prejudice.

[1]  Plaintiff's name is partially redacted in accordance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2]  The Commissioner of Social Security is substituted as the Defendant pursuant to Federal Rule of Civil Procedure 25(d).

## PROCEDURAL HISTORY

On September 28, 2015, Plaintiff filed an application for Supplemental Security Income, alleging disability beginning on November 8, 2014. (Administrative Record [AR] 17, 190-94.)  Plaintiff alleged disability because of carpal tunnel syndrome, a pinched back, and hip problems.  (AR 67.)  After her application was denied initially and on reconsideration, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  (AR 111-13.)  At a hearing held on February 21, 2018, at which Plaintiff appeared with counsel, the ALJ heard testimony from Plaintiff, a medical expert, and a vocational expert.  (AR 29-66.)

In a decision issued on April 26, 2018, the ALJ denied Plaintiff's application after making the following findings pursuant to the Commissioner's five-step evaluation.  (AR 17-24.)  Plaintiff had not engaged in substantial gainful activity since her application date of September 28, 2015.  (AR 19.)  She had severe impairments consisting of "osteoarthritis of the bilateral feet, status-post open reduction internal fixation (ORIF) of the pelvis, status-post open reduction of ankle fracture, and low back pain."  (*Id*.)  She did not have an impairment or combination of impairments that met or medically equaled the requirements of one of the impairments from the Commissioner's Listing of Impairments.  (AR 19-20.)  She had a residual functional capacity for light work with additional limitations.  (AR 20.)  She could perform her past relevant work as a case aid, as it is actually and generally performed.  (AR 23.)  Thus, the ALJ concluded that Plaintiff was not disabled as defined by the Social Security Act.  (*Id*.)

On February 20, 2019, the Appeals Council denied Plaintiff's request for review.  (AR 3-8.)  Thus, the ALJ's decision became the final decision of the Commissioner.

///

///

///

**DISPUTED ISSUE**

The parties raise the following disputed issue: whether the ALJ properly assessed the opinion of Plaintiff's treating physician regarding Plaintiff's need for a walker and the physical therapy record.  (ECF No. 17, Parties' Joint Stipulation ["Joint Stip."] at 4.)

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's final decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied.  *See Treichler v. Commissioner of Social Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014).  Substantial evidence means "more than a mere scintilla" but less than a preponderance.  *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.  The Court must review the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Lingenfelter*, 504 F.3d at 1035.  Where evidence is susceptible of more than one rational interpretation, the Commissioner's interpretation must be upheld.  *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

**DISCUSSION**

A.     **Legal Standard.**

A claimant's residual functional capacity ("RFC") represents the most he can do despite his limitations.  20 C.F.R. § 416.945(a)(1); *Reddick v. Chater*, 157 F.3d 715, 724 (9th Cir. 1998); *Smolen v. Chater*, 80 F.3d 1273, 1291 (1996).  An ALJ's RFC determination "must set out *all* the limitations and restrictions of the particular

claimant." *Valentine v. Commissioner Social Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) (emphasis in original).  An ALJ will assess a claimant's RFC "based on all of the relevant medical and other evidence."  20 C.F.R. § 416.945(a)(3).

Here, the ALJ determined that Plaintiff had an RFC for light work with additional postural and manipulative limitations.  (AR 20.)  A claimant's ability to meet the requirements of light work may be eroded by her need to use a hand-held assistive device such as a walker.  *See* Social Security Ruling ("SSR") 96-9P, 1996 WL 374185, at *7 (discussing the erosion of the sedentary occupational base by a claimant's use of a medically required hand-held assistive device); *see also Staples v. Astrue*, 329 F. App'x 189, 191 n.1 (10th Cir. 2009) (noting that although SSR 96-9P analyzes the erosion of the sedentary occupational base by a claimant's need to use a hand-held assistance device, the ruling also applies to the erosion of the light occupational base on the same basis); *Contreras v. Berryhill*, 2017 WL 2798521, at *7 (C.D. Cal. June 28, 2017) ("Use of a cane may limit a claimant's ability to perform light work, but it is less likely to preclude sedentary work.").  Thus, an ALJ must consider a claimant's need to use a hand-held assistive device that is "medically required."  *See* SSR 96-9P, 1996 WL 374185, at *7.

### B.    Background.

Approximately 20 years before she applied for disability benefits, Plaintiff broke her hip and ankles in a major car accident.  (AR 40.)  More recently, she had multiple rounds of physical therapy.  (AR 275, 277-78, 293, 311-13, 317, 369-73, 384, 399, 587-90.)  Objective medical evidence showed osteoarthritis in her feet (AR 295), carpal tunnel syndrome (AR 360), and symptoms such as tenderness or pain in her right hip, knees, and back (AR 277, 342).  Plaintiff displayed a normal gait during several examinations.  (AR 278, 285, 289, 290, 317, 343, 648).

In August 2016, Plaintiff asked her treating physician, Dr. Kamath, to give her a prescription for a walker.  (AR 541.)  Dr. Kamath prescribed a walker.  (AR

543.)  A few days later, before the walker had arrived, Plaintiff revised her request to ask Dr. Kamath to prescribe a walker with a seat.  (AR 559.)  Dr. Kamath prescribed a walker with a seat.  (*Id*.)  Eventually, a physical therapist trained Plaintiff in how to use it.  (AR 594.)

As for the frequency in which Plaintiff should use a walker, Dr. Kamath stated only that it should be "routine."  (AR 544.)  The physical therapist who trained Plaintiff how to use it declined to state a frequency, so his notes stated that the walker should be used "na times every na week," with a duration of "na weeks." (AR 594.)

During the hearing, the non-examining medical expert, Dr. Todd, testified that he did not think the walker was medically necessary:

> I don't think she'd need a walker, I don't think — there's no physical evidence in the record that shows impaired strength and she would require a walker, this — given the walker — like this is absolutely not indicated, it is not necessary, it's not reasonable, it's not the right thing to do.

(AR 48.)

In the administrative decision, the ALJ did not incorporate the need to use a walker in the RFC assessment.  (AR 20.)  The ALJ cited Dr. Todd's hearing testimony that there was "no indication or documentation in the record to support [Plaintiff's] need for a walker" and Dr. Todd's inability "to understand the underlying impairment that would require use of a walker."  (AR 21.)

### C.    Analysis.

Plaintiff contends that the ALJ erred in relying on Dr. Todd's testimony about the walker because the ALJ failed to address the record on the whole, including evidence of Dr. Kamath's treatment, evidence of Plaintiff's lack of success in physical therapy, and objective findings of problems in her feet, hands,

hip, knees, and back.  (Joint Stip. at 13.)

This evidence did not satisfy Plaintiff's burden of showing that a walker was medically required.  "To find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and *describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain, and any other relevant information*)."  SSR 96-9P, 1996 WL 374185, at *7 (emphasis added).

None of the evidence cited by Plaintiff described the "circumstances" for which the walker was needed.  The evidence from Dr. Kamath stated vaguely that the walker should be used with "routine" frequency (AR 544), but it did not indicate duration, distance, terrain or any other relevant information.  Thus, it failed to satisfy SSR 96-9P.  *See Sou v. Saul*, 799 F. App'x 563, 564-65 (9th Cir. 2020) (holding that a claimant failed to show a cane was medically required where the evidence "did not describe the circumstances for which a cane was needed"); *see also Tripp v. Astrue*, 489 F. App'x 951, 955 (7th Cir. 2012) (requiring an "unambiguous opinion from a physician stating the circumstances in which an assistive device is medically necessary").  And evidence that Dr. Kamath prescribed the walker also was insufficient.  *See Spaulding v. Astrue*, 379 F. App'x 776, 780 (10th Cir. 2010) ("[T]he legal issue does not turn on whether a cane was 'prescribed' for Spaulding, but whether a cane was 'medically required.'"); *see also Dean N. v. Saul*, 2020 WL 430962, at *2 (C.D. Cal. Jan. 28, 2020) (physician's statement that claimant "needs the cane for ambulation" was insufficient).

The other types of evidence cited by Plaintiff also failed to show the circumstances for which the walker was needed.  The physical therapy notes, including the note regarding Plaintiff's training to use the walker, did not describe such circumstances and, in any event, such notes were not the type of medical documentation contemplated by SSR 96-9P.  *See Sou*, 799 F. App'x at 564 and n.1

(physical therapy notes were insufficient as medical documentation for a hand-held assistive device).  The objective medical evidence of problems with Plaintiff's feet, hands, hip, knees, and back failed to describe the circumstances in which a walker would be needed and, in any event, also did not meet the documentation requirements of SSR 96-9P.  *See Staples*, 329 F. App'x at 192 ("But SSR 96-9P requires more than generalized evidence of a condition that might require use of a cane.").

Finally, even if the record contained medical documentation showing a walker was medically required (specifically, showing the circumstances in which it was needed), the ALJ would not have been required to credit it.  The non-examining medical expert, Dr. Todd, unambiguously testified that the walker was not medically required.  (AR 48.)  The opinion of a non-examining medical expert "may constitute substantial evidence when it is consistent with other independent evidence in the record."  *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (citing *Magallanes v. Bowen*, 881 F.2d 747, 752 (9th Cir. 1989)).  Dr. Todd's testimony was consistent with other independent evidence in the record showing that Plaintiff had a normal gait (AR 278, 285, 289, 290, 317, 343), including a normal gait in February 2017 (AR 648), six months after the walker was prescribed in August 2016.  In sum, reversal is not warranted.

## ORDER

It is ordered that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this action with prejudice.


DATED:  April 29, 2020

_____
MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE